IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

RODWELL POOLE,                          :

     Petitioner,                     :

vs.                                     :   CIVIL ACTION 08-00485-CG-B

TOMMY BUFORD, *et al.,*[1]              :

     Respondents.                    :

## REPORT AND RECOMMENDATION

Rodwell Poole, a citizen and native of Guyana, filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging his continued detention by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE").[2] (Doc. 1). This action has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C § 636(b)(1)(B) and Local Rule 72.1(c) and is now ready for consideration. The record is adequate to determine Poole's claims; thus, no evidentiary hearing is

_____

[1]David O. Streiff is no longer the Warden of the Perry County Correctional Center. Accordingly, pursuant to the provisions of Rule 25(d) of the Federal Rules of Civil Procedure, Tommy Buford, Acting Warden of that facility, is hereby substituted for Streiff as the proper respondent in this action.

[2]This is Poole's second habeas petition in this Court challenging his continued detention by ICE. By Order dated July 18, 2007, the District Court adopted the Magistrate Judge's Report and Recommendation in Poole v. Streiff, et al., CA No. 07-00127-KD-B, which determined that Petitioner's claims were premature and issued an Order dismissing his habeas petition without prejudice. (CA No. 07-00127-KD-B, Docs. 20, 21).

required.    Following  a  careful  review  of  the  record,  it  is
recommended  that  the  instant  petition  be  dismissed,  without
prejudice,  because  it  is  premature.

## FINDINGS OF FACT

1.   Poole  is  a  citizen  of  Guyana,  who  was  admitted  to  the  United
States  at  New  York,  New  York  as  a  lawful  permanent  resident  on
October 10, 1976. (Doc. 11).

2.   Following  convictions  for  various  offenses  committed  between
April  1997  and  June  2000,  removal  proceedings  were  initiated
against  Poole  on  June  17,  2002.[3]  (Docs. 1,  Exs. A;  D, p. 35;  11).
On  that  same  date,  Poole  was  taken  into  ICE  custody  after
completion  of  his  criminal  sentence.  (Doc. 1, p. 2;  Doc. 11, Ex.
D). Poole  was  released  on  bond,  but  was  again  taken  into  custody  by
ICE  officials  in  February  2006.  (Id.)

3.   On  May  5,  2006,  an  Immigration  Judge  ("IJ")  denied  Poole's
application  for  withholding  of  removal  to  Guyana,  his  application
for  deferral  of  removal,  his  claim  to  derivative  citizenship,  and
his  claim  that  he  is  a  U.S.  national.  (Doc. 11, Ex. A).   In
addition,  the  IJ  ordered  him  removed  from  the  United  States  to
Guyana. (Id.;  Doc. 1).

4.   Poole  appealed,  on  June  7,  2006,  the  IJ's  order  to  the  Board

---

[3]The  record  indicates  that  Poole  was  convicted  of
misdemeanor  and  felony  assault,  first  degree  reckless
endangerment,  and  third  degree  criminal  possession  of  a  weapon.
See (Docs. 1, Ex. A; 11).

of Immigration Appeals ("BIA"); however, his appeal was dismissed as untimely on August 2, 2006. (Docs. 1; 11, Ex. B).   Shortly thereafter, on August 31, 2006, Poole filed a petition for review of agency action in the Second Circuit Court of Appeals and was subsequently granted a stay of removal.[4] (Doc. 11, Exs. C, D).

5.    On November 13, 2007, ICE provided Poole with a Decision to Continue Detention, wherein it was determined that based on Poole's prior criminal history, he would be a threat to society if released from ICE custody. (Doc. 11, Ex. D).

6.    On March 27, 2008, after review of the decision of the BIA, the Second Circuit Court of Appeals remanded Poole's derivative citizenship claim back to the BIA and dismissed the remainder of his claims for lack of jurisdiction. (Doc. 1, Ex. A). Subsequently, the BIA dismissed Poole's derivative citizenship claim and terminated his proceedings on September 16, 2008. (Doc. 11, Ex. E).

7.    On August 21, 2008, Poole filed the instant petition for writ of habeas corpus, seeking his immediate release from ICE custody on the ground that his continued detention violates the Constitution. For relief, he seeks release from ICE custody under an order of supervision or on a reasonable bond and an award of attorneys fees.

---

[4]According to Respondents, the Embassy of Guyana issued travel documents on Poole's behalf on August 31, 2006; however, because Poole requested and was granted a stay of removal by the Second Circuit, he was not removed to Guyana. (Doc. 11, Ex. D).

(Doc. 1).

8.   Subsequent to filing the instant petition, Poole, on October 3, 2008, filed for review of agency order with the Court of Appeals for the Second Circuit. (Docs. 10, Ex. 2; Doc. 11, Ex. F). Contemporaneously therewith, Poole filed another motion for stay of deportation (Doc. 11, Ex. F), which was granted on March 13, 2009. (U.S. Court of Appeals for the Second Circuit, Docket # 08-4862-ag); see also (Doc. 12, p. 3).

9.   Respondents have filed an Answer, wherein they assert that because Poole has petitioned for a stay of removal and thereby prevented his deportation to Guyana, his habeas petition is due to be dismissed as premature. (Id.)

10.  This Court has reviewed the docket of the Second Circuit, which reflects that Poole's case is still pending. (U.S. Court of Appeals for the Second Circuit, Docket # 08-4862-ag); see also (Doc. 12, p. 3).

## CONCLUSIONS OF LAW

The United States Supreme Court, in Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001), held that 28 U.S.C. § 2241 confers jurisdiction on federal courts to entertain actions such as this. In interpreting 8 U.S.C. § 1231[5], the Zadvydas Court held that the

---

[5] 8 U.S.C. § 1231, entitled "Detention and Removal of Aliens to be removed," states in pertinent part:

(a) Detention, release, and removal of aliens ordered removed

statute "limits an alien's post-removal period detention to a
period reasonably necessary to bring about that alien's removal
from the United States.  It does not permit indefinite detention."
<u>Zadvydas</u>, 533 U.S. at 689.  The Court went on to hold that "six

───────────

(1) Removal period

(A) In general

    Except as otherwise provided in this section,
when an alien is ordered removed, the
Attorney General shall remove the alien from
the United States within a period of 90 days
(in this section referred to as the "removal
period").

(B) Beginning of period

    The removal period begins on the latest of
the following:

(I) the date the order of removal becomes
    administratively final.

 (ii) If the removal order is judicially
reviewed and if a court orders a stay of the
removal of the alien, the date of the court's
final Order.

(iii) If the alien is detained or confined
(except under an Immigration process), the
date the alien is released from detention or
confinement.

(C) Suspension of period

    The removal period shall be extended beyond a
period of 90 days and the alien may remain in
detention during such extended period if the
alien fails or refuses to make timely
application in good faith for travel or other
documents necessary to the alien's departure
or conspires or acts to prevent the alien's
removal subject to an order of removal.

months [was] a presumptively reasonable period of time to detain a
removable alien awaiting deportation" pursuant to § 1231. <u>See</u>
<u>Akinwale v. Ashcroft</u>, 287 F.3d 1050, 1051 (11th Cir. 2002).

Relying on the <u>Zadvydas</u> decision, the Eleventh Circuit Court
of Appeals, in <u>Akinwale</u>,  held that the six-month period "must have
expired at the time [Petitioner's] petition was filed in order to
state a claim under <u>Zadvydas</u>." <u>Akinwale</u>, 287 F.3d at 1052.  The
<u>Akinwale</u> Court also noted that the six-month period could be
interrupted by a petitioner's motion for a stay of deportation or
removal. <u>See</u> <u>id.</u>, n.4 ("Akinwale was taken into custody on November
17, 1999, and interrupted the running of time under <u>Zadvydas</u> by
moving on December 3, 1999, for a stay of deportation in his prior
appeal to this Court.  The stay was granted on January 1, 2000. ...
Akinwale subsequently filed the § 2241 petition in this case on
March 21, 2000.   Thus, Akinwale, unlike the aliens in <u>Zadvyas</u>,
chose to simultaneously challenge issues related to his removal
order and his post-removal period detention.  Therefore, Akinwale
did not have even an unencumbered month of detention prior to
filing his § 2241 petition, let alone the requisite six months.");
8 U.S.C. § 1231(a)(1)(c) ("The removal period shall be extended
beyond a period of 90 days and the alien may remain in detention
during such extended period if the alien fails or refuses to make
timely application in good faith for travel or other documents
necessary to the alien's departure or conspires or acts to prevent

the alien's removal subject to an order of removal.").

In this case, Poole has once again filed his petition prematurely. In fact, Poole's filing date in the instant action, August 21, 2008, came almost one month before the BIA terminated his proceedings on September 16, 2008, which presumably made all his proceedings administratively final. (Doc. 11). In addition, a mere 17 days after the BIA terminated the proceedings, Poole, on October 3, 2008, filed another petition for review of agency order with the Second Circuit. Poole's removal has been stayed by the Second Circuit[6], and his petition is currently pending before the Second Circuit Court of Appeals. Poole has failed to demonstrate that he has been detained for a period of six-months prior to the filing of this action in accordance with <u>Akinwale</u>; thus, he has not stated a claim for relief under 28 U.S.C. § 2241 and <u>Zadvydas</u>.[7] Further, the motion to stay which is still in effect continues to toll the six-month period.

## <u>CONCLUSION</u>

For these reasons, the undersigned recommends that this Court

---

[6]It is noteworthy that the last Decision to Continue Detention contained in the record before the Court, executed January 5, 2009, indicates that ICE is presently in possession of travel documents issued for Poole by the Embassy of Guyana and that "ICE is ready to effect [Petitioner's] removal once the Stay of Removal has been lifted." (Doc. 12, p. 3).

[7]At most, the short period between the BIA's decision dismissing Poole's derivative citizenship claim on September 16, 2008, and Poole's petition to the Second Circuit on October 3, 2008, could count toward the six month period of detention recognized as presumptively reasonable by the Supreme Court.

dismiss, without prejudice, Rodwell Poole's petition under 28 U.S.C. § 2241 as prematurely filed, pursuant to 8 U.S.C. § 1231. The dismissal is without prejudice to Poole's right to file a new habeas petition in the future when he is able to state a claim under <u>Zadvydas</u>.[8]

The attached sheet contains important information regarding objections to the report and recommendation of the undersigned magistrate judge.[9]

Done this the 2nd day of **July, 2009.**

**        /s/ SONJA F. BIVINS       **
**UNITED STATES MAGISTRATE JUDGE**

---

[8]Petitioner recently filed a notice of change of address with the Court on June 18, 2009, which indicates that he is now being detained at LaSalle Detention Facility, P.O. Box 560, Trout, Louisiana 71371. (Doc. 15). As the undersigned has recommended that Petitioner's petition be dismissed, any new petitions should be filed in the district where he is currently housed.

[9]In light of this Report and Recommendation, Poole's documents entitled "Motion to Expedited Judgment" (Doc. 13) and "Motion to Amend Additional Evidence" (Doc. 14) are DENIED as moot.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.